IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RICHARD JACKSON,

       Plaintiff,

vs.                                          4:07CV131-MMP/AK

WENDELL WHITEHURST, et al,

       Defendants .

_____/


## O R D E R

This cause is before the court upon Plaintiff's filing of an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 16). From a review of the complaint, it is evident that the facts as presented still fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety. He does not need to file any service copies of the complaint at this time.

Plaintiff complains about a disciplinary report and criminal charges, which were ultimately dismissed against him, for allegedly throwing urine on Corrections Officer Dalton. Plaintiff alleges that the DR was fabricated in retaliation for his filing

a civil lawsuit and that the other defendants conspired with Dalton to withhold evidence from him and impede the investigation of the DR for which he is presently held in close management.

In the claims section of the amended complaint, Plaintiff asserts violations of his due process and equal protection rights, as well as deliberate indifference to his safety, medical and liberty needs.

As the Court explained previously, Plaintiff has adequately asserted claims of procedural due process violations with regard to the processing of the disciplinary report at issue against Defendants Delapp, Smith, Scott, and Dalton. However, he has not asserted valid claims against Defendants Whitehurst, Tifft and Dowis. Plaintiff was advised of the constitutional issues regarding due process of disciplinary reports in a previous order, but none of these issues are raised with regard to these three defendants. Plaintiff's complaints against Defendants Whitehurst and Tifft are that they reviewed the evidence in his case, but still referred the matter to the inspector general. Plaintiff complains that Dowis wrote the disciplinary report for Dalton, but did not actually see the incident. While these acts may have violated prison policy or administrative regulations, as Plaintiff cites, this court is concerned with federal or constitutional law and as cited previously, with regard to review of disciplinary proceedings, the only claims addressed in federal court when called upon to review disciplinary proceedings regard denial of certain basic procedural rights such as advance written notice, a written statement of the reasons for the disciplinary action taken, and the opportunity to call witnesses and present evidence. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L.Ed. 2d 935 (1974); Young v.

Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).  According to the amended complaint, neither Whitehurst nor Tiffts was involved in the actual disciplinary proceedings, made no decisions with regard to the evidence or the outcome of the proceedings, Plaintiff's complaints are that they looked at evidence that he contends was exculpatory and still forwarded it on to the Inspector General.  There is nothing inherent in these facts to invoke a due process issue since there is nothing about their actions that would have thwarted or otherwise negatively affected having his disciplinary action fairly resolved.  As for Defendant Dowis, again there is nothing inherently disruptive to the process in his having, as Plaintiff alleges, written all or part of the report about an incident that he did not witness.  Defendant Dalton, who was directly involved in the incident, was interviewed and gave several statements, including deposition testimony it seems, such that if Dowis' wrote the report for him he had ample opportunities to remedy any misrepresentations made therein or tell his own version of the incident.

   Plaintiff's claim of a denial of equal protection is not adequately asserted against any of the defendants.  To prevail on an equal protection claim, a prisoner must demonstrate that he is similarly situated to other inmates who were treated more favorably, and that his discriminatory treatment was based on some constitutionally protected interest.  Jones v. Ray, 279 f.3d 944, 947 (11th Cir. 2001).  Plaintiff must set forth facts which show that Defendant discriminated against him on the basis of "race, religion, national origin, poverty or some other constitutionally protected interest." Damiano v. Florida Parole and Probation Comm., 785 F.2d 929, 932-33 (11th Cir. 1986).  Plaintiff has asserted none of these facts.

Plaintiff also has not stated a claim of deliberate indifference to his safety needs. It is not clear at all what he means with regard to this claim or whom he alleges failed to protect him or prevent harm to him from others or some condition.

Plaintiff alludes to a failure to provide medical care by Defendant Scott after he gassed him on August 4, 2003. If this is indeed the claim he seeks to make, he should be clear about this and provide more details about the incident. The Court understands that Plaintiff has one lung and the officers were aware of this fact, but he does not provide details about the incident described in an accompanying exhibit such as what preceded the gassing and what happened afterwards that resulted in the denial of medical care.

Finally, Plaintiff has no liberty interest in being kept out of close confinement since disciplinary segregation is not an "atypical and significant hardship... in relation to ordinary incidents of prison life." See Sandin v. Conner, 515 U.S. 472, 484 (1995).

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file a second amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his

claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **November 1, 2007.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this *16th* day of October, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**